O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MATTHEW CARL BERRY, | Case Nos. **EDCV 13-01747-VAP** |
| Movant, | EDCR 06-00075-SGL |
| v. | **ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255** |
| UNTIED STATES OF AMERICA, | **[Motion filed on September 25, 2013]** |
| Respondent. | |

## I. SUMMARY OF PROCEEDINGS

On September 25, 2013, Matthew Carl Berry ("Movant") filed a "Motion Under U.S.C. § 2255 To Vacate, Set Aside Or Correct A Sentence By A Person In Federal Custody." ("Motion" or "Mot.") ([Civ.] Doc. No. 1.)[1]  Respondent filed an Opposition to the Motion on December 6, 2013. ([Civ.] Doc. No. 9.)  On January 9, 2014, Movant filed a Reply.  ([Civ.] Doc. No. 12.)

---

[1]   Citations to "[Civ.]" refer to the Court's docket for the Motion in the civil case EDCV 13-01747-VAP.  Citations to "[Crim.]" refer to the Court's docket in the underlying criminal case, EDCR 06-00075-SGL.

**II. BACKGROUND FACTS**

After a jury trial, Movant was found guilty of one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and three counts of willfully filing false tax returns, in violation of 26 U.S.C. § 7206(1). ([Crim.] Doc. Nos. 252 (April 17, 2008 Jury Trial Minutes); 256 (Jury Verdict Form).) Movant was sentenced to 60 months imprisonment on the conspiracy count and 16 months of imprisonment for each count of willfully filing a false tax return, for a total of 108 months, to be served consecutively. ([Crim.] Doc. No. 366 (Second Amended Judgment).)

Movant filed a Notice of Appeal on June 28, 2009. ([Crim.] Doc. No. 359.) On December 5, 2011, the Ninth Circuit Court of Appeals affirmed Movant's conviction. ([Crim.] Doc. No. 489; United States v. Berry, 460 F. App'x 684 (9th Cir. 2011).) The Supreme Court denied Movant's petition for writ of certiorari on October 1, 2012. (See Berry v. United States, 2012 WL 1945723 (U.S. Oct. 1, 2012).)

**III. DISCUSSION**

Section 2255 authorizes the Court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Claims for

relief under § 2255 must be based on some constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure."  United States v. Timmreck, 441 U.S. 780, 783-84 (1979).  If the record clearly indicates that a movant does not have a claim or that he has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986); see also United States v. Chacon-Palomares, 208 F.3d 1157, 1159 (9th Cir. 2000) ("When a prisoner files a § 2255 motion, the district court must grant an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" (quoting 28 U.S.C. § 2255)).

**A.   Grounds for Relief**

Movant raises two grounds for relief:

1.   Movant's sentence for conspiracy to defraud the United States and for willfully filing a false tax return are based on the same conduct, and therefore, to the extent his sentences on those counts were imposed consecutively, they violated the Double Jeopardy Clause of the Fifth Amendment (Mot. P & A at 12-15);

3

1    2.   Movant's trial counsel and appellate counsel

2  rendered ineffective assistance of counsel by failing to

3  object on double jeopardy grounds to the imposition of

4  consecutive sentences against him.  This ineffective

5  assistance of counsel should excuse him from procedural

6  default on his first ground for relief (Id. at 8-12).

7

8  **B.   Procedural Default**

9    Generally, claims not raised on direct appeal may not

10  be raised in a motion pursuant to § 2255 unless the

11  petitioner shows cause and prejudice, "actual innocence,"

12  or if the claim is related to an ineffective assistance

13  of counsel claim.  Massaro v. United States, 538 U.S.

14  500, 504-05 (2003) ("We hold that an ineffective-

15  assistance-of-counsel claim may be brought in a

16  collateral proceeding under § 2255, whether or not the

17  petitioner could have raised the claim on direct

18  appeal."); see also Bousley v. United States, 523 U.S.

19  614, 621-622 (1998).  As Movant alleges that he was

20  deprived of effective assistance of counsel when his

21  trial and appellate counsel failed to raise the double

22  jeopardy argument, Movant's procedural default is

23  excused.

24

25

26

27

28

4

**C.   Movant's Double Jeopardy Claim Is Without Merit**

Movant argues that his sentence for conspiracy to defraud the United States and for willfully filing a false tax return are based on the same conduct, and therefore violate the Double Jeopardy Clause of the Fifth Amendment, as stated in <u>Blockburger v. United States</u>, 284 U.S. 299 (1932).  (Mot. P & A at 12-15.)

The Fifth Amendment, among other things, protects "against multiple punishments for the same offense." <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717 (1969) <u>overruled on other grounds by</u> <u>Alabama v. Smith</u>, 490 U.S. 794 (1989).  In <u>Blockburger</u>, the Supreme Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." <u>Blockburger</u>, 284 U.S. at 304.  The typical case is one in which two different statutes define the "same offense" because one is a lesser included offense of the other.  <u>Rutledge v. United States</u>, 517 U.S. 292, 297 (1996); <u>see</u> <u>Missouri v. Hunter</u>, 459 U.S. 359, 366-67 (1983).

If the two offenses are determined not to be the same, the district court may impose consecutive sentences.  <u>See</u> 18 U.S.C. § 3584 ("If multiple terms of

5

1   imprisonment are imposed on a defendant at the same time

2   . . . the terms may run concurrently or consecutively

3   . . . .").

4

5       Movant's argument that the sentencing for his

6   convictions runs afoul of <u>Blockburger</u> because "the

7   offense described in 18 U.S.C. § 371 also cover the

8   offenses described in 26 U.S.C. § 7206(1)," lacks merit.

9

10      Movant was convicted and sentenced on one conspiracy

11  count and three substantive counts.  Here, in order to

12  convict Movant of violating 26 U.S.C. § 7206(1),

13  willfully filing a false tax return, the Government had

14  to prove the following beyond a reasonable doubt:

15          (1) the defendant made and subscribed a return,

16          statement, or other document that was incorrect

17          as to a material matter; (2) the return,

18          statement, or other document subscribed by the

19          defendant contained a written declaration that

20          it was made under the penalties of perjury; (3)

21          the defendant did not believe the return,

22          statement, or other document to be true and

23          correct as to every material matter; and (4) the

24          defendant falsely subscribed to the return,

25          statement, or other document willfully, with the

26          specific intent to violate the law.

27

28

United States v. Scholl, 166 F.3d 964, 979-80 (9th Cir.
1999)(citing United States v. Marabelles, 724 F.2d 1374,
1380 (9th Cir. 1984)).

     With respect to 18 U.S.C. § 371, conspiracy to
defraud the United States, the Government had to prove
the following beyond a reasonable doubt: (1) defendant
entered into an agreement; (2) to obstruct a lawful
function of a government; (3) by deceitful or dishonest
means; and (4) made at least one overt act in furtherance
of the conspiracy.  See United States v. Caldwell, 989
F.2d 1056, 1058 (9th Cir. 1993) (citing Hammerschmidt v.
United States, 265 U.S. 182, 188 (1924)).  Section 371
"reaches *any* conspiracy for the purpose of impairing,
obstructing or defeating the lawful function of any
government agency [and] clearly applies to conspiracies
to impede, impair, obstruct, or defeat the lawful
function of the Department of Treasury in the collection
of income taxes." United States v. Little, 753 F.2d
1420, 1443 (9th Cir. 1984) (internal citations omitted).

     It is well-settled that a sentence for conspiracy
does not preclude a sentence on underlying substantive
counts on Fifth Amendment grounds.  As the Ninth Circuit
explained
          As a general rule, a substantive charge, and
          conspiracy charge based on the substantive

7

1    charge, pass muster under the <u>Blockburger</u> test

2    and retain their separateness.  The reason for

3    this is because a requirement for a conspiracy

4    conviction is proof of an agreement which is not

5    necessary to prove an underlying substantive

6    count.  And, conviction on the substantive count

7    will require the consummation of the crime,

8    which, of course, is not essential for

9    completing the crime of conspiracy.

10   <u>United States v. Wylie</u>, 625 F.2d 1371, 1381 (9th Cir.

11   1980) (emphasis added)(internal citations omitted).

12

13      As explained in <u>Wylie</u>, the elements of 26 U.S.C.

14   § 7206(1) and 18 U.S.C. § 371 are not the same, and each

15   prohibits different conduct.  The conspiracy count

16   includes an element that there be an agreement between

17   two or more people to defraud the United States, whereas

18   the tax fraud counts do not require an agreement and

19   could, in theory, be accomplished by a single person

20   acting alone.  For these reasons, Movant's sentence does

21   not run afoul of <u>Blockburger</u>, and the Court was free to

22   sentence him consecutively for each count upon which he

23   was convicted.  See <u>United States v. Davis</u>, 793 F.2d 246,

24   249 (10th Cir. 1986) ("The elements required to prove

25   commission of the three crimes [including 26 U.S.C.

26   § 7206(1) and 18 U.S.C. § 371] are distinct under

27   <u>Blockburger</u>; accordingly the consecutive sentences

28

1   imposed pursuant to each statutory provision do not

2   violate the Double Jeopardy Clause.")[2]; <u>United States v.</u>

3   <u>Kritt</u>, 2009 WL 6567103, at *10 (S.D.W. Va. Nov. 19, 2009)

4   <u>report and recommendation adopted</u>, 2010 WL 2331061

5   (S.D.W. Va. June 8, 2010) ("The allegations [in the

6   indictment] are intended to charge one of several

7   affirmative acts constituting the attempted evasion of

8   income tax, a separate offense requiring the proof of one

9   or more facts which the charge of conspiracy to defraud

10  the United States does not.  The undersigned finds no

11  multiplicity.").

12

13      Accordingly, Movant is not entitled to relief on this

14  ground.

15

16  **D.   Movant's Ineffective Assistance of Counsel Claim Must**

17  **Fail**

18      Movant argues that his trial and appellate counsel

19  rendered ineffective assistance of counsel by failing to

20  object to or seek review of the imposition of the

21  consecutive sentences against him.  (Mot. P & A at 8-12.)

22

23

24

25

26  _____

      [2]     The Tenth Circuit also rejected the argument
27  that "the substantive counts [including 26 U.S.C.
    § 7206(1)] merge into the conspiracy count under 18
28  U.S.C. § 371."  <u>Davis</u>, 793 F.2d at 249.

1   As the U.S. Supreme Court has held, "the proper
2   standard for attorney performance is reasonably effective
3   assistance." Strickland v. Washington, 466 U.S. 668, 687
4   (1984).  To establish ineffective assistance of counsel,
5   Petitioner must prove (1) "counsel's representation fell
6   below an objective standard of reasonableness," and (2)
7   there is a reasonable probability that, but for counsel's
8   errors, the result of the proceeding would have been
9   different.  Id. at 688, 694.  "A reasonable probability
10  is a probability sufficient to undermine confidence in
11  the outcome."  Id. at 694.  Under the second component,
12  Petitioner must demonstrate his attorney's errors
13  rendered the result unreliable or the proceedings
14  fundamentally unfair.  Lockhart v. Fretwell, 506 U.S.
15  364, 372 (1993); Strickland, 466 U.S. at 694.

16

17  A claim of ineffective assistance of counsel requires
18  proof of both of these elements.  "[A] court need not
19  determine whether counsel's performance was deficient
20  before examining the prejudice suffered by the defendant
21  . . . .  If it is easier to dispose of an ineffectiveness
22  claim on the ground of lack of sufficient prejudice . . .
23  that course should be followed."  Strickland, 466 U.S. at
24  697.

25

26

27

28

1    Here, as explained above, Movant's sentences comport
2    with the Fifth Amendment, and do not violate the
3    <u>Blockburger</u> rule.  As any objection to or request to
4    review Movant's sentence on this ground would have been
5    meritless, Movant's trial and appellate counsel were not
6    ineffective.  See <u>Shah v. United States</u>, 878 F.2d 1156,
7    1162 (9th Cir. 1989) ("The failure to raise a meritless
8    legal argument does not constitute ineffective assistance
9    of counsel.") (citing <u>Baumann v. United States</u>, 692 F.2d
10   565, 572 (9th Cir. 1982)).  Thus, as Movant cannot show
11   that his trial or appellate counsel's performance fell
12   below an objective standard of reasonableness, he cannot
13   prevail on his ineffective assistance of counsel claim.
14
15    Accordingly, Movant is not entitled to relief on this
16   ground.
17
18                    **IV.   CONCLUSION**
19    Movant has not shown he is entitled to relief on any
20   of the grounds raised in his Motion.  Hence, the Court
21   DENIES the Motion and orders this action dismissed with
22   prejudice.
23
24
25   Dated: __March 6, 2014__      _____
26                                     VIRGINIA A. PHILLIPS
                                    United States District Judge
27
28

                                11